THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

PROJECT VERITAS,

        *Plaintiff*,

    v.

THE LELAND STANFORD JUNIOR
UNIVERSITY and THE UNIVERSITY OF
WASHINGTON,

        *Defendants*.

No. 2:21-cv-01326-TSZ

PLAINTIFF PROJECT VERITAS'
OPPOSITION TO DEFENDANTS'
MOTION TO MODIFY CASE SCHEDULE
AND CROSS-MOTION FOR ORDER OF
DEFAULT

**Clerk's Action Required**

**Note Motion on Calendar:**
  **January 12, 2022**

Plaintiff's Cross-Mot. for Default & Opp'n to Defendants' Mot.
to Modify Case Schedule - i

*Project Veritas v. Stanford and UW*, No. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### TABLE OF CONTENTS

I. INTRODUCTION ...................................................................... 1

II. STATEMENT OF FACTS ........................................................ 3

III. PLAINTIFF'S CROSS-MOTION FOR DEFAULT ...................... 5

    A. Supreme Court Precedent Holds That Where a Federal Rule of Civil Procedure and a State Law Answer the Same Question, the Federal Rule Governs.................................................................................5

    B. Defendants Are in Default and Have Waived Any Mandatory Rule 12 Defenses They Intended to Raise. ..................................................7

IV. OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE ............................................................................. 8

    A. Defendants' Motion To Modify The Case Schedule Is An Attempt To Do An End-Run Around the FRCP, Not To Comply With Them. .......................... 8

    B. Defendants' Reliance On Abrogated Ninth Circuit Caselaw Applying Anti-SLAPP Statutes In Federal Court Does Not Support Their Motion To Modify The Case Schedule. .................................................................. 9

V. CONCLUSION ....................................................................... 11

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT. TO MODIFY CASE SCHEDULE - ii

*Project Veritas v. Stanford and UW*, No. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1

### TABLE OF AUTHORITIES

2

### CASES

3
*Abbas v. Foreign Policy Grp., LLC,*
   783 F.3d 1328 (D.C. Cir. 2015) ................................................................... 9

4
*Applied Med. Distrib. Corp. v. AH Sung Int'l, Inc.,*
   No. 8:14-cv-01900 JVS-DFM,

5
   2016 WL 7626475 (C.D. Cal. June 2, 2016) ................................................7

6
*AR Pillow Inc. v. Maxwell Payton, LLC,*
   No. 11-cv-1962-RAJ,

7
   2012 WL 6024765 (W.D. Wash. Dec. 4, 2012) ...........................................1

8
*Batzel v. Smith,*
   333 F.3d 1018 (9th Cir. 2003) .....................................................................10

9
*Carbone v. Cable News Network, Inc.,*
   910 F.3d 1345 (11th Cir. 2018) .................................................................... 9

10
*Chambers v. NASCO, Inc.,*
   501 U.S. 32 (1991) .......................................................................................11

11

12
*CoreCivic Inc. v. Candide Grp. LLC,*
   No. 20-cv-03792,
   2021 WL 1267259 (N.D. Cal. Apr. 6, 2021).............................................10

13
*CoreCivic, Inc. v. Candide Grp., LLC,*
   No. 20-17285 (9th Cir.) (appeal docketed Nov. 20, 2020) ........................ 11

14

15
*Gallivan v. United States,*
   943 F.3d 291 (6th Cir. 2019) .................................................................. 6, 11

16
*Hanna v. Plumer,*
   380 U.S. 460 (1965) .....................................................................................12

17
*Klocke v. Watson,*
   936 F.3d 240 (5th Cir. 2019) ....................................................................... 9

18
*La Liberte v. Reid,*
   966 F.3d 79 (2d Cir. 2020) .......................................................................... 9

19

20
*Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.,*
   885 F.3d 659 (10th Cir. 2018) ..................................................................... 9

21
*Makaeff v. Trump University, LLC,*
   715 F.3d 254 (9th Cir. 2013).......................................................................10

22
*Metabolife Internationl, Inc. v. Wornick,*
   264 F.3d 832 (9th Cir. 2001) .............................................................. 1, 6, 7

23
*Miller v. Gammie,*
   335 F.3d 889 (9th Cir. 2003) .......................................................................10

24
*Monster Film Ltd. v. Galloping Illusions Pty Ltd.,*
   No. 2:16-cv-01414-ODW-KS,

25
   2016 WL 11520811 (C.D. Cal. June 27, 2016) ...........................................7

26
*Planet Aid, Inc. v. Reveal,*
   No. 21-15690 (9th Cir.) (appeal docketed Apr. 20, 2021)........................ 11

27

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE - iii

*PROJECT VERITAS V. STANFORD AND UW,* No. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*,
    890 F.3d 828 (9th Cir. 2018)..................................................................10

*Sakamoto v. Duty Free Shoppers, Ltd.*,
    764 F.2d 1285 (9th Cir. 1985)................................................................11

*Sarver v. Chartier*,
    813 F.3d 891 (9th Cir. 2016).....................................................................7

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*,
    559 U.S. 393 (2010)....................................................................... passim

*Stender v. Archstone-Smith Operating Tr.*,
    958 F.3d 938 (10th Cir. 2020).....................................................................5

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
    190 F.3d 963 (9th Cir. 1999).............................................................5, 10

*Webster v. Fall*,
    266 U.S. 507 (1925)..................................................................................10

## STATUTES

Uniform Public Expression Protection Act, RCW 4.105.020 ......................1, 3

## COURT RULES

Fed. R. App. P. 4 ......................................................................................... 9
Fed. R. App. P. 5 ......................................................................................... 9
Fed. R. Civ. P. 11 ......................................................................................... 9
Fed. R. Civ. P. 12 ................................................................................. passim
Fed. R. Civ. P. 16 ......................................................................................... 9
Fed. R. Civ. P. 26 ................................................................................4, 6, 9
Fed. R. Civ. P. 4 ........................................................................................... 3
Fed. R. Civ. P. 55 ...................................................................................... 2, 7
Fed. R. Civ. P. 56 ......................................................................................... 9
Local Civil Rule 55 ...................................................................................... 2
Local Civil Rule 7 ........................................................................................ 1

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE - iv

*PROJECT VERITAS V. STANFORD AND UW*, NO. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# I. Introduction[1]

Defendants, The Leland Stanford Junior University and the University of Washington, have made an intentional decision not to follow the Federal Rules of Civil Procedure ("FRCP") and to ignore binding U.S. Supreme Court precedent unequivocally holding that the FRCP apply in federal court. *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010). Under FRCP 12, Defendants' responses to Plaintiff's Complaint (either an answer or Rule 12 motion) were due by December 20, 2021—21 days after Veritas served Defendants on November 29, 2021. *See* FRCP 12(a)(1)(A)(i), (a)(4). To date, Defendants have filed neither an answer nor a Rule 12 motion, and they are technically in default.

Defendants knew Rule 12's requirements but elected to forego them in favor of their preferred procedural path forward in this case. One business day before their Rule 12 deadline, Defendants unilaterally declared that under a Washington state procedural statute—Washington's Uniform Public Expression Protection Act, RCW 4.105.020 (better known as Washington's anti-SLAPP statute)—their deadline to file a SLAPP motion to challenge Veritas' complaint is January 28, 2021 (60 days after service of the Complaint) and that all discovery is stayed. Plaintiff immediately notified Defendants that the U.S. Supreme Court has held unequivocally that federal courts are obligated to apply the FRCP where, as here, a state statute purports to answers the same question, *Shady Grove*, 559 U.S. at 398, and that the Ninth Circuit has unequivocally held that state anti-SLAPP statutes' provisions automatically staying discovery do not apply in federal court, *see Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001); *see also AR Pillow Inc. v. Maxwell Payton, LLC*, No. 11-cv-1962-RAJ, 2012 WL 6024765, at *3 (W.D. Wash. Dec. 4, 2012) (citing and relying on *Metabolife*). Plaintiff encouraged the Defendants to comply with this Court's September 30, 2021 Order [Dkt. 13] and November 16, 2021 Docket Entry directing the parties to exchange

---

[1] Under this Court's Local Civil Rules, Plaintiff is entitled to file a Motion for an Order of Default that does not exceed six pages and a separate Opposition to Defendants' Motion to Modify Case Schedule that does not exceed 12 additional pages. L.C.R. 7(e)(1)–(2). Plaintiff believes the Local Civil Rules permit it to combine its Opposition and Cross-Motion in this single, 12-page filing. Plaintiff has taken that course in the interests of efficiency and judicial and party economy.

Plaintiff's Cross-Mot. for Default & Opp'n to Defendants' Mot.      Ard Law Group PLLC
to Modify Case Schedule - 1                                          P.O. Box 11633
                                                                     Bainbridge Island, WA 98110
*Project Veritas v. Stanford and UW*, No. 2:21-cv-01326-TSZ         Phone: (206) 701-9243

1   initial disclosures and develop a discovery plan.  In response, Defendants acknowledged that they

2   knew and understood this caselaw before they invoked Washington's anti-SLAPP statute's

3   deadlines and procedures, yet to date, Defendants have not complied either with Rule 12 or this

4   Court's discovery order.

5        As a result, Plaintiff reluctantly brings this cross-motion for default under FRCP 55 and

6   Local Civil Rule 55(a), which allow for an entry of default if a defendant was properly served with

7   process and failed to file a responsive pleading.  Defendants do not meaningfully dispute that Rule

8   12—and all the FRCP—govern this federal action.  Nor do they meaningfully dispute that they are

9   in default.  Instead, Defendants' solution to cure their default is to ask Plaintiff to consent to—and

10  this Court to order—a complete stay of the FRCP and to stay this Court's September 30 and

11  November 16 discovery orders, so that Defendants may file an anti-SLAPP motion under an anti-

12  SLAPP statute that simply does not apply in federal court.  ***Thus, Defendants' proposal is not one***

13  ***to comply with the FRCP, but to circumvent them.***

14       Plaintiff also reluctantly opposes Defendants' Motion to Modify Case Schedule.  [Dkt. 32]

15  Had Defendants sought an extension of time to comply with Rule 12 or this Court's discovery

16  orders, or had Defendants been mistaken in their belief that the FRCP do not apply in federal court,

17  Plaintiff would have readily consented to an extension of time under Rule 12 for their responsive

18  pleading.  But that is not what Defendants ask.  Indeed, Defendants have never made such a request

19  of Plaintiff, and their motion to alter the deadlines in this case is not a motion to extend Rule 12's

20  deadlines, but instead to stay Rule 12's deadlines indefinitely in favor of Washington's anti-

21  SLAPP's procedural timelines and framework which, as set forth below, do not apply in this federal

22  court action.  As the Supreme Court has made abundantly clear, the FRCP govern this action, and

23  as the Ninth Circuit has unequivocally held, automatic stay provisions in state anti-SLAPP statutes

24  do not apply in federal court.  Plaintiff has neither the power nor the aspiration to stay the FRCP—

25  it seeks only to comply with them and reluctantly is forced to ask this Court to compel Defendants

26  to do the same.

27

Plaintiff's Cross-Mot. for Default & Opp'n to Defendants' Mot.
to Modify Case Schedule - 2

*Project Veritas v. Stanford and UW*, No. 2:21-cv-01326-TSZ

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## II. Statement Of Facts

Veritas filed its Complaint and Praecipes to Issue Summonses for this action on September 29, 2021. [Dkts. 1–3.] The Clerk issued the requested Summonses the following day. [Dkt. 10.] On November 29, 2021, Veritas served Defendants with a copy of the Complaint and Summons in the manner required by FRCP 4, as well as with a copy of this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, as directed by that Order. [Dkts. 13 & 15.] Under FRCP 12, Defendants' responses to Plaintiff's Complaint (either an answer or Rule 12 motion) were due by December 20, 2021—21 days after Veritas served Defendants. *See* FRCP 12(a)(1)(A)(i), (a)(4). On December 17, 2021, however, Defendants notified Plaintiff that they would not comply with that deadline. Rather, according to a letter from Stanford's counsel, (*see* Ex. A), and a notice filed by the University of Washington [Dkt. 18], Defendants intended to file a special motion for "expedited" relief under Washington's RCW 4.105.020. Enacted by Washington's legislature on May 12, 2021, Washington's anti-SLAPP statute establishes procedures, deadlines, attorney-fee-shifting provisions, and interlocutory appellate review for certain actions brought in Washington state courts—procedures, deadlines, attorney-fee-shifting provisions, and appellate procedures that are governed squarely by the FRCP (and the Federal Rules of Appellate Procedure) for actions brought in federal court. Defendants claim that, under that anti-SLAPP statute, any responsive motion to dismiss the complaint is due on January 28, 2022—a full 60 days after Plaintiff served Defendants and more than a month after the expiration of the response deadline established by FRCP 12(a)(1)(A)(i)—not the more expedited schedule set forth under Rule 12. [Dkts. 18 & 25.] Defendants further insist that, until this Court rules on their forthcoming anti-SLAPP motions, "all other proceedings" in this litigation—including discovery efforts that the Federal Rules of Civil Procedure and this Court's existing orders require—are stayed. [Dkts. 18 & 25]; (Ex. A).

On December 20, 2021, Plaintiff's counsel wrote to Defendants' counsel, urging them to comply with their obligations under the FRCP. [Dkt. 32, Ex. 1.] In that letter, Plaintiff's counsel explained that the FRCP, not the state anti-SLAPP statute, establish the applicable filing and

Plaintiff's Cross-Mot. for Default & Opp'n to Defendants' Mot. to Modify Case Schedule - 3

*Project Veritas v. Stanford and UW*, No. 2:21-cv-01326-TSZ

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  discovery deadlines in federal court.  [Dkt. 32, Ex. 1.]  Defendants' counsel responded the

2  following day with letters affirming that Defendants had no intention of complying with the FRCP

3  and instead intended to rely on the conflicting deadlines and procedures in the state anti-SLAPP

4  statute. [Dkt. 32, Exs. 2 & 3.]  The next day, Plaintiff's counsel replied with a letter explaining that

5  not only had the Supreme Court abrogated the precedents upon which Defendants relied, but that,

6  even under prior Ninth Circuit and Western District of Washington caselaw, the FRCP govern

7  and state anti-SLAPP provisions that purport to automatically stay discovery do not apply in

8  federal court. [Dkt. 32, Ex. 4.]  Plaintiff's counsel also reminded Defendants that the deadlines for

9  a Rule 26(f) conference, joint status report, and exchange of initial disclosures set by the Court's

10  November 16, 2021 Docket Entry were fast approaching.  [Dkt. 32, Ex. 4.]

11       Shortly thereafter, the parties held a telephonic meet-and-confer and Defendants offered a

12  purported "compromise" under which they asked Plaintiff to agree that "[Defendants] will file

13  Anti-SLAPP and/or related dispositive motions on or before January 28, 2022 … that, to the extent

14  that the [FRCP and the Court's] deadlines are not automatically stayed as a result of the Anti-

15  SLAPP motions, the [Rule 12] deadline to respond to the complaint will be extended by agreement

16  *until fourteen days after a ruling on the [anti-SLAPP] motions* filed on or before January 28[,] …

17  [and] that *all other applicable deadlines under the Federal Rules of Civil Procedure and the*

18  *Court's scheduling orders will be stayed* until the Court sets a schedule in the event that the Court

19  denies the motions filed on or before January 28[.]"[2] [Dkt. 32, Ex. 5.]  In other words, Defendants

20  asked Plaintiff to agree to stay the FRCP and this Court's scheduling orders pending Defendants'

21  filing and the Court's adjudication of a motion brought under a state anti-SLAPP statute that does

22  not and cannot apply in federal court.  Plaintiff did not (and does not) consent to such a stay of the

23  FRCP. [Dkt. 32, Ex. 6.]; (Ex. B).

24

25

26

27       [2] Emphasis added unless otherwise noted.

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE - 4

*PROJECT VERITAS V. STANFORD AND UW*, No. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

### III. Plaintiff's Cross-Motion For Default

The FRCP apply in federal court.  Here, Defendants knew the Federal Rules—and the Supreme Court and Ninth Circuit caselaw enforcing them—but made an intentional and strategic decision to disregard them in favor of their preferred state procedural rules.  Defendants have steadfastly taken the position that the FRCP are not controlling in federal court, and that Defendants can instead unilaterally extend their response deadline in reliance on a state procedural law that plainly does not apply in federal court.  Defendants are free to make that strategic choice—but they should be compelled to live by the resulting consequences.  Because Defendants were on notice of their deadline for responding to Veritas' Complaint, because neither Defendant sought an extension from Plaintiff or the Court before disregarding the deadline, and because Defendants continue to refuse to comply with the FRCP in a knowing and willful manner, the Court should deny Defendants' request to stay the FRCP, enter defaults against both Defendants, and compel Defendants to show good cause for lifting that default order.  And if the Court concludes that good cause is shown, it should enter an order requiring Defendants to comply with the FRCP and this Court's discovery orders going forward.

### A. Supreme Court Precedent Holds That Where a Federal Rule of Civil Procedure and a State Law Answer the Same Question, the Federal Rule Governs.

In *Shady Grove*, 559 U.S. at 398, the United States Supreme Court unambiguously held that when a valid federal rule of civil procedure "answers the question in dispute … it governs," notwithstanding that a state law provides a different answer.  Prior to *Shady Grove*, federal courts asked to apply state laws that overlapped with the FRCP would conduct a two-step analysis.  First, the courts would ask "whether such an application would result in a direct collision with the Federal Rules." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (internal quotation marks omitted).  Absent such a collision, the courts would make the "typical, relatively unguided *Erie* choice." *Id.* at 973.

*Shady Grove* unambiguously overhauled that approach. *See, e.g.*, *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 945–46 (10th Cir. 2020) ("*Shady Grove* was a turning point in the

Plaintiff's Cross-Mot. for Default & Opp'n to Defendants' Mot. to Modify Case Schedule - 5

*Project Veritas v. Stanford and UW*, No. 2:21-cv-01326-TSZ

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1     Supreme Court's doctrine regarding the relationship between the Federal Rules and state law.").

2     After *Shady Grove*, "the relevant inquiry isn't whether the federal and state rules can coexist, but

3     whether the Federal Rules answer the question in dispute." *Gallivan v. United States*, 943 F.3d

4     291, 296 (6th Cir. 2019). If they do, they control, full stop. *See Shady Grove*, 559 U.S. at 398.

5     Federal courts "***do not wade into Erie's murky waters*** unless the federal rule is inapplicable or

6     invalid." *Id.* And the state law or rule simply does not apply. *Id.*

7         The *Shady Grove* framework makes eminent sense. It provides unambiguous direction that

8     the FRCP control in federal court, and it prevents state legislatures—like Washington's—from

9     prescribing rules and procedures for the federal judiciary when the FRCP have already spoken.

10     Here, because FRCP 12(a)(1)(A)(i) answers the same question as Washington's anti-SLAPP

11     statute—namely, when a defendant is required to respond after being served with a Complaint—

12     the deadlines in Rule 12(a)(1)(A)(i) govern in federal court. Therefore, the provisions of the

13     Washington anti-SLAPP statute that allow for a greatly extended response time, while applicable

14     in ***state*** court, have no bearing in ***federal*** court, and they cannot be relied upon to extend the clear

15     deadlines set forth in the federal rules. The same is true for the anti-SLAPP's provision

16     automatically staying discovery pending adjudication of a SLAPP motion. Under FRCP

17     26(a)(1)(C), parties "must make initial disclosures at or within 14 days of the parties' Rule 26(f)

18     conference unless a different time is set by stipulation or court order[.]" Because this Court's

19     November 16, 2021 Docket Entry set the parties' FRCP 26(f) Conference Deadline to January 14,

20     2022, the FRCP establishes that the parties' initial disclosures are due on January 28.[3]

21     Washington's anti-SLAPP statute cannot be relied upon to automatically stay or otherwise alter

22     that deadline in federal court.

23         Even under caselaw that pre-dated *Shady Grove*, the Ninth Circuit made clear that where

24     state anti-SLAPP statutes conflict with the FRCP, the FRCP apply.[4] For example, in *Metabolife*,

25

---

26     [3] This Court's November 16, 2021 Docket Entry, too, expressly stated that the Initial Disclosure Deadline is January 28, 2022.

27     [4] To be clear, under *Shady Grove*, this Court need not determine whether there is a conflict between a state anti-SLAPP statute and the FRCP. The ***only*** inquiry is whether the state law "answers the same

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE - 6

*PROJECT VERITAS V. STANFORD AND UW*, No. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

264 F.3d at 846, the Ninth Circuit held that a state anti-SLAPP statute's stay-of-discovery provision could not apply in federal court because it conflicted with the discovery-permitting provisions in the FRCP.  And in *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016), the Ninth Circuit held (even without addressing or applying *Shady Grove*) that a filing deadline in a state anti-SLAPP statute could not apply in federal court when it conflicted with a filing deadline set out in the FRCP.  *See also AR Pillow Inc. v. Maxwell Payton, LLC*, No. 11-cv-1962-RAJ, 2012 WL 6024765, at *3 (W.D. Wash. Dec. 4, 2012) (holding that automatic stay provisions in Washington's anti-SLAPP statute do not apply in federal court, in reliance on *Metabolife*).  At bottom, *Metabolife* and *Sarver* refute any suggestion that the Washington anti-SLAPP statute's deadlines and stay-of-discovery provision trump the deadlines and discovery provisions in the FRCP.

The holdings of *Shady Grove, Metabolife,* and *Sarver* apply here and dictate that Defendants' response to Veritas' Complaint was required to be filed within the 21-day deadline set by Rule 12 and that the Washington anti-SLAPP statute's automatic stay of discovery does not apply in federal court.

**B.   Defendants Are in Default and Have Waived Any Mandatory Rule 12 Defenses They Intended to Raise.**

Under FRCP 55(a), "the clerk must enter default when the plaintiff shows that (1) the defendant has been served with summons; (2) the defendant has f[a]iled to file a timely pleading or motion; and (3) the defendant is neither a minor nor incompetent person." *Applied Med. Distrib. Corp. v. AH Sung Int'l, Inc.*, No. 8:14-cv-01900 JVS-DFM, 2016 WL 7626475, at *1 (C.D. Cal. June 2, 2016); *see also Monster Film Ltd. v. Galloping Illusions Pty Ltd.*, No. 2:16-cv-01414-ODW-KS, 2016 WL 11520811, at *2 (C.D. Cal. June 27, 2016) (ordering entry of default where defendants failed to respond to a complaint within three weeks of the deadline specified in the FRCP).  That is precisely the case here.  Moreover, under FRCP 12(h)(1)(B), because Defendants have failed to

question," regardless of the answer the state statute or rule provides.  Both *Metabolife*, which predated *Shady Grove*, and *Sarver*, which post-dated it, reached the correct conclusion under *Shady Grove*, but relied on an abrogated conflicts analysis that no longer controls.

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT. TO MODIFY CASE SCHEDULE - 7

*PROJECT VERITAS V. STANFORD AND UW*, NO. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  file a responsive pleading or motion in the manner prescribed in FRCP 12, they have forfeited the
2  right to assert the defenses listed in FRCP 12(b)(2)-(5).

3      Defendants, of course, have it within their power to cure their own default.  They need only
4  show good cause for lifting it, which they can accomplish by committing to comply with the FRCP
5  moving forward.  This Court can, and should, encourage such a resolution by ordering Defendants,
6  as a condition of curing their default, to commit to complying with the FRCP for the remainder of
7  this litigation.  Such an order is, unfortunately, necessary because Defendants have repeatedly and
8  deliberately refused to do so until this point, thinking it would be to their advantage.  Plaintiff
9  simply asks this Court to ensure that Defendants follow the same rules that apply to Plaintiff and
10  every other litigant in federal court.

11  **IV.  OPPOSITION TO DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE**

12  **A.   Defendants' Motion To Modify The Case Schedule Is An Attempt To Do An End-
13      Run Around the FRCP, Not To Comply With Them.**

14      Defendants made an ill-conceived strategic decision to disregard the FRCP in favor of state-
15  law procedural rules more to their liking.  Veritas advised Defendants that their approach flouted
16  clearly established law and warned them of the potential consequences unless they changed course.
17  But Defendants have steadfastly maintained their position that this Court should apply
18  Washington's anti-SLAPP statute in federal court and that the FRCP do not control.  Now, facing
19  the consequences of that decision, Defendants have filed a Motion to Modify Case Schedule.  [Dkt.
20  32.]  In their Motion, Defendants do not acknowledge that they were wrong to insist on following
21  state-law procedures in federal court, nor do they agree to abide by the FRCP and this Court's
22  previous orders going forward. Rather, Defendants' Motion doubles down on their earlier
23  approach by asking Plaintiff and this Court to stay the FRCP and, in their place, formally substitute
24  the procedures and deadlines in Washington's anti-SLAPP statute.  The Court should deny
25  Defendants' Motion on that basis alone.

26
27

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE - 8

*PROJECT VERITAS v. STANFORD AND UW*, No. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

**B.**   **Defendants' Reliance On Abrogated Ninth Circuit Caselaw Applying Anti-SLAPP Statutes In Federal Court Does Not Support Their Motion To Modify The Case Schedule.**

While Defendants are certainly free to file whatever motion they would like this Court to adjudicate—and Plaintiff can file its opposition to the motion in kind—the Court should not modify the case schedule to stay the FRCP and discovery to accommodate Defendants' request to file an anti-SLAPP motion.  At bottom, Defendants' anti-SLAPP motion simply cannot be granted in federal court under *Shady Grove*.  Indeed, every federal court of appeals to have considered *Shady Grove's* majority decision—five in all—has held that state anti-SLAPP statutes like Washington's cannot apply in federal court because they answer the same questions as the FRCP. *See La Liberte v. Reid*, 966 F.3d 79, 86–88 (2d Cir. 2020) (California's anti-SLAPP statute cannot apply in federal court); *Klocke v. Watson*, 936 F.3d 240, 244–49 (5th Cir. 2019) (same regarding Texas' anti-SLAPP statue); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349–57 (11th Cir. 2018) (same regarding Georgia's anti-SLAPP statute); *Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 673 (10th Cir. 2018) (same regarding New Mexico's anti-SLAPP statute); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015) (Kavanaugh, J.) (same regarding D.C.'s anti-SLAPP statute).[5]  The reason is obvious:  State anti-SLAPP statutes, like Washington's, that purport to "answer the same question[s] as" the FRCP— including (among others) the question of when a defendant must respond to a complaint under Rule 12, when discovery occurs under Rules 16, 26, and 56, when attorneys' fees are awarded to a defendant in the event a complaint fails to state a claim under Rule 11, and when an appeal can be taken after adjudication of a dispositive motion under Federal Rules of Appellate Procedure 4 and 5—cannot apply in federal court.  *See La Liberte*, 966 F.3d at 87.

Although Defendants are correct that pre-*Shady Grove* the Ninth Circuit sometimes applied parts of state anti-SLAPP statutes in federal court, *see, e.g.*, *Batzel v. Smith*, 333 F.3d 1018

---

[5] Across those five decisions, there was only one dissent, and it was purely as to jurisdiction.  *See Los Lobos Renewable Power, LLC*, 885 F.3d at 673 (Baldock, J., dissenting as to jurisdiction).  In other words, not one of the 15 judges who considered and decided those appeals endorsed the position Defendants take here.

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT. TO MODIFY CASE SCHEDULE - 9

*PROJECT VERITAS V. STANFORD AND UW*, NO. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1   (9th Cir. 2003); *Newsham*, 190 F.3d at 973, those decisions followed (or relied on cases that

2   followed) the pre-*Shady Grove* two-step framework whereby courts first asked whether applying a

3   state law in federal court would result in a "direct collision" with the FRCP, and then, absent such

4   a collision, made "the typical, relatively unguided *Erie* choice" between the state law and the

5   FRCP. *See Newsham,* 190 F.3d at 973. *Shady Grove* expressly repudiated that framework. *See*

6   *Shady Grove*, 559 U.S. at 398 ("We do not wade into *Erie*'s murky waters unless the federal rule is

7   inapplicable or invalid."). Consequently, this Court is not bound by those Ninth Circuit decisions.

8   It is axiomatic that when intervening Supreme Court authority "undercut[s] the theory or

9   reasoning underlying [a] prior circuit precedent in such a way that the cases are clearly

10  irreconcilable," "a district court … should consider [itself] bound by the intervening higher

11  authority and reject the prior [circuit precedent] as having been effectively overruled." *Miller v.*

12  *Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Here, Defendants do not contend that any

13  of the FRCP are invalid, and thus, the FRCP control—not Washington's anti-SLAPP statute.

14  Nor do the Ninth Circuit decisions that were decided after *Shady Grove* justify Defendants'

15  disregard of the FRCP's deadlines or imposing a complete stay of the FRCP going forward.

16  Decisions like *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d

17  828 (9th Cir. 2018) and *Makaeff v. Trump University, LLC*, 715 F.3d 254 (9th Cir. 2013), apply—

18  or at least purport to apply[6]—parts of state anti-SLAPP laws. But those decisions do not mention

19  *Shady Grove* whatsoever, much less conduct any analysis that *Shady Grove* requires. That is hardly

20  surprising—none of the briefs presented to the Ninth Circuit in those cases even mentioned *Shady*

21  *Grove* or purported to do a *Shady Grove* analysis. And when a question is not presented or argued

22  in a case, the decision in that case should not be understood to answer that question. *See Webster*

23  *v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to

24  the attention of the court nor ruled upon, are not to be considered as having been so decided as to

25

26      [6] As Judge William Alsup recently noted, in *Planned Parenthood*, the Ninth Circuit did not so much apply
27  the anti-SLAPP statute as rewrite it to avoid a conflict with the FRCP. *See CoreCivic Inc. v. Candide Grp.*
    *LLC*, No. 20-cv-03792, 2021 WL 1267259, at *5 (N.D. Cal. Apr. 6, 2021).

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE - 10

*PROJECT VERITAS V. STANFORD AND UW*, NO. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  constitute precedents."); *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985)

2  (same rule).  Because the Ninth Circuit's post-*Shady Grove* decisions do not address whether,

3  consistent with *Shady Grove*, state anti-SLAPP statutes that answer the same questions as the

4  FRCP can apply in federal court, these cases provide no support for the notion that the Ninth

5  Circuit has somehow interpreted *Shady Grove* to permit the application of such statutes in federal

6  court.[7]

7        At bottom, this Court should deny Defendants' Motion because it is nothing but an

8  attempted end-run of the FRCP and this Court's discovery orders.  Having been caught out in their

9  initial attempt to foist Washington's anti-SLAPP procedures on this litigation, Defendants now

10  ask this Court to forego the unambiguous rules and procedures set forth in the FRCP for

11  Defendants' preferred state-law procedures, to permit them to file a state anti-SLAPP motion that

12  simply cannot be granted in federal court.  Because this approach is at odds with the framework set

13  forth by the United States Supreme Court in *Shady Grove*, because Defendants' precise arguments

14  seeking to apply a state anti-SLAPP statute in federal court have been rejected by five federal

15  appellate courts—and remain unanswered in the Ninth Circuit—under *Shady Grove*, and because

16  the Ninth Circuit has already held that an accompanying stay of proceedings pending an anti-

17  SLAPP motion is flatly incompatible with the FRCP, the Court should deny Defendants' Motion.

18                              **V.  CONCLUSION**

19        Allowing Defendants to replace the FRCP with Washington state-law procedures not only

20  contravenes the United States Constitution's Supremacy Clause, *see Gallivan*, 943 F.3d at 294–95,

21  but also undermines "Congress' central goal in enacting the Federal Rules—'uniformity in the

22  federal courts,'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 69 (1991) (Kennedy, J., dissenting)

23

24        [7] To date, the Ninth Circuit has never had the opportunity to address whether a state anti-SLAPP statute
     can apply in federal court under the Supreme Court's *Shady Grove* framework.  Since *Shady Grove*, litigants
25  before the Ninth Circuit have simply failed to brief the *Shady Grove* question and have incorrectly assumed
     state anti-SLAPP statutes do apply.  The Ninth Circuit will have its first opportunity to consider this
26  question in two cases that are currently fully briefed and awaiting oral argument.  *See CoreCivic, Inc. v.
     Candide Grp., LLC*, No. 20-17285 (9th Cir.) (appeal docketed Nov. 20, 2020); *Planet Aid, Inc. v. Reveal*,
27  No. 21-15690 (9th Cir.) (appeal docketed Apr. 20, 2021).

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE - 11

*PROJECT VERITAS V. STANFORD AND UW*, NO. 2:21-cv-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1   (quoting *Hanna v. Plumer*, 380 U.S. 460, 472 (1965)).  Accordingly, and for the foregoing reasons,

2   this Court should deny Defendants' Motion to Modify Case Schedule, rejecting Defendants'

3   attempt to replace the FRCP with state procedural rules they happen to find more favorable, grant

4   Plaintiff's Cross-Motion for Default, reaffirming the importance for Defendants to comply with

5   the FRCP, and give Defendants a short window to show good cause for why the default should be

6   lifted.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Plaintiff's Cross-Mot. for Default & Opp'n to Defendants' Mot. to Modify Case Schedule - 12

*Project Veritas v. Stanford and UW*, No. 2:21-cv-01326-TSZ

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

January 12, 2022.

ARD LAW GROUP PLLC

By:

Joel B. Ard, WSBA # 40104
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law
ATTORNEYS FOR PLAINTIFF
PROJECT VERITAS

/s/ Elizabeth M. Locke
Elizabeth M. Locke, P.C.
(Admitted Pro Hac Vice)

/s/ Andrew C. Phillips
Andrew C. Phillips
(Admitted Pro Hac Vice)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: libby@clarelocke.com
Email: andy@clarelocke.com
ATTORNEYS FOR PLAINTIFF
PROJECT VERITAS

PLAINTIFF'S CROSS-MOT. FOR DEFAULT & OPP'N TO DEFENDANTS' MOT.
TO MODIFY CASE SCHEDULE
*PROJECT VERITAS V. STANFORD AND UW*, NO. 2:21-CV-01326-TSZ

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243