The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

PROJECT VERITAS,

    Plaintiff,

v.

THE LELAND STANFORD JUNIOR UNIVERSITY, and THE UNIVERSITY OF WASHINGTON

    Defendants.

No. 2:21-cv-01326-TSZ

PLAINTIFF'S OPPOSITION TO DEFENDANT STANFORD'S MOTION FOR ATTORNEYS' FEES PURSUANT TO RCW 4.105.090

**NOTING DATE: July 19, 2022**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

I.    UPEPA's Fees Provision Does Not Apply in Federal Court. ............................. 1

II.    Stanford's Request Includes Hours That Were Unnecessary and Are Unreasonable. ........ 5

CONCLUSION .................................................................................................................... 8

i

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110

# TABLE OF AUTHORITIES

**Cases**

*Akhtar v. Mesa*,
  698 F.3d 1202 (9th Cir. 2012) ................................................................................................ 2

*AT&T Mobility LLC v. Yeager*,
  No. 13-cv-00007, 2018 WL 1567819 (E.D. Cal. Mar. 30, 2018) ............................................. 6

*Burlington Northern R.R. Co. v. Woods*,
  480 U.S. 1 (1987) ................................................................................................................. 4, 5

*Celotex v. Catrett Corp.*,
  477 U.S. 317 (1986) ................................................................................................................. 3

*Gates v. Deukmejian*,
  987 F.2d 1392 (9th Cir. 1992) ................................................................................................. 6

*Gonzalez v. City of Maywood*,
  729 F.3d 1196 (9th Cir. 2013) ................................................................................................. 6

*Lyddon v. Geothermal Props., Inc.*,
  996 F.2d 212 (9th Cir. 1993) ................................................................................................... 4

*Menoken v. Dhillon*,
  975 F.3d 1 (D.C. Cir. 2020) ..................................................................................................... 3

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010) ........................................................................................................ 1, 3, 4

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ................................................................................................... 2

*US Dominion, Inc. v. My Pillow, Inc.*,
  No. 1:21-cv-445 (D.D.C. Mar. 1, 2022) .................................................................................. 3

**Statutes**

RCW 4.105.010 ........................................................................................................................... 3
RCW 4.105.020 .................................................................................................................... 1, 2, 4
RCW 4.105.050 ........................................................................................................................... 3
RCW 4.105.060 ....................................................................................................................... 2, 3
RCW 4.105.090 .................................................................................................................. passim

**Other Authorities**

5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Procedure* § 1357 (3d ed.) ............... 2
Comm. Rep., 2021 Wash. S.B. No. 5009 (Mar. 24, 2021) .......................................................... 5

**Rules**

Fed. R. App. P. 38 ..................................................................................................................... 4, 5

ii

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110

Fed. R. Civ. P. 11 .................................................................................................................. passim
Fed. R. Civ. P. 12 .............................................................................................................. 1, 2, 3, 6
Fed. R. Civ. P. 56 .............................................................................................................. 1, 2, 3, 6
Fed. R. Civ. P. 8 ........................................................................................................................ 1, 2

iii

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110

**INTRODUCTION**

Defendant The Leland Stanford Junior University's Motion for Attorneys' Fees Pursuant to RCW 4.105.090 [Dkt. 60] should be denied for the simple reason that Washington's Uniform Public Expression Protection Act ("UPEPA") conflicts with the Federal Rules of Civil Procedure and thus cannot apply in federal court. Multiple provisions of UPEPA collide with the requirements of Rules 8, 12 and 56. And in particular, RCW 4.105.090—UPEPA's fee-shifting provision on which Stanford bases its Motion—answers the same question as Federal Rule of Civil Procedure Rule 11, but imposes a very different standard for determining when one party should be made to pay another's attorneys' fees. Accordingly, this Court cannot and should not award Stanford fees pursuant to RCW 4.105.090.

Additionally, a large portion of Stanford's claimed fees are unreasonable and unnecessary. Stanford seeks reimbursement for over 30 hours of fees—amounting to over $20,000 of billing—for research and briefing relating to Stanford's decision to improperly lard its Special Motion for Expedited Relief and Dismissal Pursuant to RCW 4.105.020 ("Special Motion to Dismiss") [Dkt. 37] with factual materials outside of the Complaint. This action required Project Veritas to file a protective motion pursuant to Rules 12 and 56 asking the Court to disregard those materials, and the Court ultimately did not consider those extrinsic materials in ruling on the Special Motion to Dismiss. Stanford should not be further rewarded for its gratuitous conduct that already caused Veritas to incur thousands of dollars in unnecessary and avoidable fees.

**ARGUMENT**

**I.   UPEPA's Fees Provision Does Not Apply in Federal Court.**

The instant Motion under RCW 4.105.090(1) should be denied outright for two related reasons.[1] The first is that an award under RCW 4.105.090(1) is expressly contingent on the

---

[1] Veritas recognizes that this Court previously rejected the argument that the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), bars the application of the Washington anti-SLAPP statute, UPEPA, in federal court. Veritas respectfully acknowledges the Court's ruling on that issue and raises the arguments here chiefly for purposes of preserving them for possible appeal.

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

1

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110

putative awardee's having prevailed on a valid special motion to strike pursuant to RCW 4.105.020. Section, however, demands the use of procedures that conflict with—*i.e.*, answer the same questions as—Rules 8, 12, and 56 of the Federal Rules of Civil Procedure. The second reason, particularly applicable in this context, is that an award of fees under RCW 4.105.090(1) is not permitted in federal court because that provision directly conflicts with Federal Rule of Civil Procedure 11.

***First***, as Veritas argued in opposing Stanford's Special Motion to Dismiss,[2] myriad provisions of UPEPA cannot be reconciled with the controlling Federal Rules of Civil Procedure. For example:

- Under Rule 12(b)(6), **the moving party** seeking to have a claim dismissed bears the burden of showing that the non-moving party has failed to state a claim. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed.). UPEPA answers the same question—Who bears the burden of proof on a pre-discovery motion to dismiss?—differently, requiring dismissal unless **the non-moving party** can "establish a prima facie case as to each essential element of the cause of action." RCW 4.105.060(1)(c)(i).

- Under Rule 12, a federal court evaluating a motion to dismiss before discovery may "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). And under Rule 12(d), a federal court "must" convert a Rule 12 motion to a Rule 56 motion where, as here, evidence is presented outside the four corners of the complaint and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); Order at 4, *US Dominion, Inc. v. My*

---

[2] *See* Pl.'s Opp'n to Def. Stanford's Special Mot. for Expedited Relief Pursuant and Dismissal Pursuant to RCW 4.105.020 and Def. Univ. of Wash.'s Mot. to Dismiss Pursuant to Rule 12(b)(6), Dkt. 50, at 27–28 (specifying several ways in which the procedures specified in RCW 4.105.020 conflict with Rules 8, 12, and 56).

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

2

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110

*Pillow, Inc.*, No. 1:21-cv-445 (D.D.C. Mar. 1, 2022) (citing *Menoken v. Dhillon*, 975 F.3d 1, 8 (D.C. Cir. 2020)).  UPEPA answers the same question—What allegations or evidence may courts consider on a pre-discovery motion to dismiss?—differently, requiring that courts consider any evidence submitted by the parties so long as that evidence "could be considered in ruling on a motion for summary judgment under superior court civil rule 56."  RCW 4.105.050.

- Under Rule 56, a party moving for summary judgment bears the burden "to show initially the absence of a genuine issue concerning any material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  UPEPA answers the same question—Who bears what burden of proof at the summary judgment stage of the case?—differently, allowing the moving party to prevail if the non-moving party "fails to establish a prima facie case as to each essential element of the cause of action."  RCW 4.105.060(1)(c)(i).

- Under Rule 12, a defendant typically has 21 days from service of process to submit a responsive pleading or motion.  *See* Fed. R. Civ. P. 12(a)(1), (a)(4).  UPEPA answers the same question—By when must a defendant respond to a complaint?—differently, requiring that defendants be allowed 60 days from service of process within which to file a special motion. RCW 4.105.010(2).

State laws that conflict with valid Federal Rules of Civil Procedure cannot apply in federal court. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).  Because UPEPA should not be applied in federal court, Stanford's Special Motion to Dismiss should not have been granted, and this Court should reject Stanford's request for fees based on its having prevailed on a UPEPA motion.

**Second**, an award of fees under RCW 4.105.090(1) is not permitted in federal court because that specific provision of UPEPA conflicts with Federal Rule of Civil Procedure 11.  Under Rule 11, district courts *may* award a defendant's costs and attorney's fees, **but only if** the plaintiff's claims fail to surmount the low bar of good faith set out in Rule 11(b).  *See* Fed. R. Civ. P. 11(c).

Section 4.105.090(1), by contrast, **requires** district courts to award a defendant's reasonable costs and fees if the plaintiff's claims fail to surmount the more demanding standard applicable under RCW 4.105.020. By stripping federal courts of discretion in awarding costs and fees for ostensibly baseless litigation, and by mandating such awards whenever plaintiffs' claims do not satisfy the standard applicable under RCW 4.105.020, RCW 4.105.090(1) conflicts with—and substantially departs from—the framework for awarding costs and fees established under Rule 11. That means, under the *Shady Grove* framework, RCW 4.105.090(1) cannot apply in federal court. *See Shady Grove*, 559 U.S. at 398.

Notably, the U.S. Supreme Court has held that a state law similar to RCW 4.105.090(1) cannot apply in federal court because it runs afoul of Rule 38 of the Federal Rules of Appellate Procedure. In *Burlington Northern Railroad Co. v. Woods*, 480 U.S. 1 (1987), the Court considered an Alabama statute requiring an appellate court, upon affirming a money judgment without substantial modification, to impose a 10% penalty on the appellant if the appellant had previously obtained a stay of the judgment by executing a bond. *Id.* at 3–4. The statute's purposes were "to penalize frivolous appeals and appeals interposed for delay," and "to provide 'additional damages' as compensation to the appellees for having to suffer the ordeal of defending the judgments on appeal." *Id.* at 4. In holding that the Alabama statute could not apply in federal court, the Court emphasized two points: (1) that the statute's mandatory operation conflicted with Appellate Rule 38's discretionary operation; and (2) that the purposes underlying the statute were sufficiently coextensive with the purposes of Appellate Rule 38 to indicate that the two rules occupied the same field of operation. *See id.* at 7.

That same analysis should control here. The Ninth Circuit has long acknowledged the similarity between Civil Rule 11 and Appellate Rule 38, to the point of holding "that the principles governing the interpretation of Rule 11 should control in interpreting Rule 38." *Lyddon v. Geothermal Props., Inc.*, 996 F.2d 212, 214 (9th Cir. 1993). The similarity between RCW 4.105.090(1) and the Alabama statute is equally clear. Both provisions were designed to penalize

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

4

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110

litigants for maintaining lawsuits for improper purposes, and both provisions further serve to provide litigants with compensation for enduring the ordeal of such litigation. *Compare, e.g.*, *Burlington N. R.R. Co.*, 480 U.S. at 4 (one purpose of Alabama statute was "to penalize frivolous appeals"), *with* Comm. Rep., 2021 Wash. S.B. No. 5009 (Mar. 24, 2021) (commenting on legislation enacting RCW 4.105.090 and tying it to preventing abusive or frivolous lawsuits filed for improper purposes). Like the Alabama statute, RCW 4.105.090(1) mandates an award of fees, in lieu of the discretionary framework set out in the governing federal rule. *Compare Burlington N. R.R. Co.*, 480 U.S. at 7 ("[Appellate Rule 38's] discretionary mode of operation unmistakably conflicts with the mandatory provision of Alabama's affirmance penalty statute."), *with* RCW 4.105.090(1) (providing that a "court *shall* award [costs, fees, and expenses] … to the moving party if the moving party prevails on the motion") (italics added). And like the Alabama statute, the purposes of RCW 4.105.090(1) are sufficiently coextensive with the purposes of the relevant federal rule to indicate that the two provisions occupy the same field of operation. *See* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (emphasizing Rule 11's role in preventing abuses, including abuses for purposes beyond mere delay).

The holding in *Burlington Northern* thus points to the proper result in this case: RCW 4.105.090(1) cannot apply in federal court because it effectively replaces Rule 11's demanding and discretionary framework for awarding costs and fees with a much more lenient and mandatory one. Accordingly, Stanford's Motion should be denied because it relies upon a state statutory provision that cannot be applied in federal court.

II.     **Stanford's Request Includes Hours That Were Unnecessary and Are Unreasonable.**

Next, if the Court does elect to apply UPEPA's fees provision, it should reduce the amount of fees Stanford claims by eliminating billings for attorney hours that Stanford incurred unreasonably and unnecessarily. UPEPA's fee-shifting provision obligates a court to award only attorneys' fees that are related to a special motion to dismiss **and** that are determined to be "reasonable." RCW 4.105.090. And in considering an award of fees, this Court "'has a great deal

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110

of discretion' in determining reasonableness of the hours claimed." *AT&T Mobility LLC v. Yeager*, No. 13-cv-00007, 2018 WL 1567819, at *2 (E.D. Cal. Mar. 30, 2018) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).  Where certain time entries are for hours that are "excessive, redundant, or otherwise unnecessary," then "a reasonable attorneys' fee would not include compensation for such hours," and the Court should "exclude those hours for which it would be unreasonable to compensate the prevailing party." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013).  Here, because Stanford made an improvident decision to try and base its Special Motion to Dismiss on a large volume of factual material that was outside of the Complaint—which necessitated the filing of a "protective" responsive motion by Veritas, and ultimately resulted in the Court agreeing not to consider those extrinsic materials—Stanford should not be awarded fees for its "Request for Judicial Notice" *see* Special Mot. to Dismiss [Dkt. 37 at 11] or for the Opposition to Plaintiff's Rule 12(d) and 56(d) Motion [Dkt. 53].

  As the Court may recall, Stanford's Special Motion to Dismiss included a purported "Request for Judicial Notice," in which Stanford requested the Court to consider, among other things, various "blog posts, news articles, [and] websites" in evaluating Stanford's Special Motion to Dismiss. [Dkt. 37 at 11.]  Because these materials, amounting to more than 100 pages, were plainly outside the four corners of the Complaint, and because Stanford requested the Court to consider them for their factual content, Veritas had no choice but to respond with a Rule 12(d) and 56(d) Motion [Dkt. 51].  In that motion, which Veritas expressly termed "protective," Veritas argued that those extrinsic materials could not and should not be considered in evaluating Stanford's Special Motion to Dismiss, and that if the Court did elect to consider them, it would have to convert Stanford's Special Motion to Dismiss to a Rule 56 summary judgment motion and allow Veritas the opportunity to conduct discovery.  [*See generally id.*]  On March 21, 2022, Stanford filed an Opposition to Veritas' Rule 12(d) and 56(d) Motion [Dkt. 53], arguing that the extrinsic blog posts, articles, and websites could be considered, but that if the Court disagreed, it should simply exclude the materials rather than converting the Special Motion to Dismiss to one

for summary judgment. [*Id*. at 3-8.]   Veritas then had to expend additional fees filing a reply to Stanford's opposition.  *See* Pl.'s Reply in Supp. of Rule 12(d) and 56(d) Mot. [Dkt. 54].

Ultimately, the Court determined that it would limit its review to the Complaint and a decision from the New York Supreme Court in a related case, and that it would not consider the disputed blog posts, news articles, and websites in adjudicating Stanford's Special Motion to Dismiss.  Order [Dkt. 57 at 12-13].[3]  This was effectively the relief that Veritas sought in its Rules 12(d) and 56(d) motion, and thus Stanford's fruitless request for judicial notice only served to force both Stanford *and Veritas* to incur additional fees briefing a dispute that ultimately proved entirely irrelevant to the Court's determination of the Special Motion to Dismiss.  Therefore, Stanford should not be awarded its fees in connection with that dispute.

Attached as Exhibit A to the Declaration of Andrew C. Phillips that accompanies this Opposition are copies of the timesheets submitted for Lee Brand and Sarah Flanagan of Pillsbury Winthrop Shaw Pittman LLP, and Brian Esler of Miller Nash LLP, with billings related to the request for judicial notice and opposition to the Rules 12 and 56 motion highlighted.[4]  For Mr. Brand, these entries amount to 23.6 total hours which, at his billing rate of $718 per hour, adds up to a total of $16,944.80.  For Ms. Flanagan, these entries amount to 4.4 total hours which, at her billing rate of $891 per hour, adds up to a total of $3,920.40.  For Mr. Esler, these entries amount to 4 hours total which, at his billing rate of $553.50 per hour, adds up to a total of $2,214.00.  In total, Stanford is claiming **$23,079.20** in fees arising directly out of its unnecessary and unsuccessful effort to seek dismissal based on extrinsic materials outside of the Complaint.  Because these fees were incurred unnecessarily, reimbursement for them is not reasonable, and Veritas requests that the Court deduct the amount of $23,079.20 from the total fees sought by Stanford.

---

[3] Accordingly, the Court denied Veritas' protective Rules 12(d) and 56(d) Motion, requesting exclusion or conversion, as moot.  *See* Order, Dkt. 57, at 13.

[4] Veritas took a conservative approach, identifying only those hours that were clearly attributable to this issue and that could be separated out from time spent on other work.

## **CONCLUSION**

For the foregoing reasons, the Court should decline to award Stanford fees associated with its Special Motion to Dismiss. To the extent the Court does make a fee award, it should deduct hours and fees that related to Stanford's unnecessary request for judicial notice and briefing arising out of same.

8

Pl.'s Opp'n to Def. Stanford's Mot. for
Attorneys' Fees — No. 2:21-cv-01326-TSZ

*Project Veritas v. Stanford and University of Washington*

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110

Dated: July 5, 2022

Respectfully Submitted,

_____
Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Elizabeth M. Locke, P.C. (of counsel) (*pro hac vice*)
Andrew C. Phillips (of counsel) (*pro hac vice*)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: libby@clarelocke.com
Email: andy@clarelocke.com

ATTORNEYS FOR PLAINTIFF