1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

PROJECT VERITAS,

8                        Plaintiff,

9          v.                                    C21-1326 TSZ

10    LELAND STANFORD JUNIOR                      ORDER
      UNIVERSITY; and UNIVERSITY
11    OF WASHINGTON,

12                        Defendants.

13        THIS MATTER comes before the Court on the Motion for Attorney Fees, docket

14    no. 60, filed by Defendant Leland Stanford Junior University ("Stanford").  Having

15    reviewed all papers filed in support of, and in opposition to, the motion, the Court enters

16    the following Order.

17    **Background**

18        Project Veritas filed the complaint in this matter in September 2021.  See Compl.

19    (docket no. 1).  The complaint asserted two causes of action of defamation per se for both

20    the publishing of a blog post and for participating in, encouraging, and ratifying the

21
22
23

ORDER - 1

1  subsequent republication of the blog post's allegedly defamatory statements in three New

2  York Times articles.  Id. at ¶¶ 151–212.

3       On May 17, 2022, this Court granted Stanford's Special Motion to Dismiss under

4  Washington's Uniform Public Expression Protection Act ("UPEPA").  See Order (docket

5  no. 57).  Stanford now seeks to recover a total of $149,596.90 in attorney fees under

6  UPEPA.  Reply (docket no. 68 at 10).

7  **Discussion**

8  **I.    Fees Requested Related to Stanford's Special Motion**

9       The UPEPA provides that on a special motion for expedited relief, "the court shall

10  award court costs, reasonable attorneys' fees, and reasonable litigation expenses related

11  to the motion . . . [t]o the moving party if the moving party prevails on the motion."

12  RCW 4.105.090.  Stanford requests an award of $109,360.40 in fees related to filing its

13  Special Motion and $40,236.50 in fees related to filing the present motion for attorney

14  fees.  Stanford's request for the Special Motion is based on 149.4 hours of work with

15  hourly rates ranging from $553.50 to $891.00.  For the motion for attorney fees, the

16  request is based on 55.1 hours of work with hourly rates ranging from $718.00 to

17  $891.00.

18       In Washington, Courts use the lodestar method to determine reasonable attorney

19  fees.  See Brand v. Dep't of Labor & Indus. of State of Wash., 139 Wn.2d 659, 666, 989

20  P.2d 1111 (1999).  The lodestar method involves first computing a lodestar amount by

21  multiplying a reasonable hourly rate by the number of hours reasonably expended on the

22  matter.  Id.  Second, courts may adjust the lodestar figure either up or down to account

23

1    for subjective factors, such as the level of skill required by the litigation.  Id.  "The Court

2    is not bound by the lodestar value, but rather, is charged with making 'an independent

3    decision' as to what represents a reasonable amount of attorneys' fees."  Seattle Times

4    Co. v. Leather Care, Inc., No. C15-1901, 2019 WL 1651664, at *1 (W.D. Wash. Apr. 17,

5    2019) (quoting Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 744, 733 P.2d 208

6    (1987)).

7         Stanford's fee requests are reasonable.[1]  Courts calculate reasonable hourly rates

8    by looking to the prevailing rate in the Western District of Washington, "for similar work

9    performed by attorneys of comparable skill, experience, and reputation."  Amazon.com,

10   Inc. v. Wong, No. C19-0990, 2022 WL 1092518, at *1 (W.D. Wash. Apr. 12, 2022)

11   (quoting Chalmers v. City of L.A., 796 F.2d 1205, 1210–11 (9th Cir. 1986)).  The rates

12   charged by the attorneys in this case are reasonable and within the range of rates

13   approved by courts in this District.  See id. at *2 (noting that hourly rates ranging from

14   $535 to $785 for attorneys were comparable to those prevailing in the community); see

15   also Stanikzy v. Progressive Direct Ins. Co., No. 20-cv-118, 2022 WL 1801671, at *6

16   (W.D. Wash. June 2, 2022).

17        The Court further concludes that the numbers of hours worked by the attorneys is

18   reasonable.  "In the Ninth Circuit, 'the number of hours to be compensated is calculated

19   by considering whether, in light of the circumstances, the time could reasonably have

20

21   [1] Project Veritas does not contest the reasonableness of the hourly rates requested.  However, it contends
22   that UPEPA's fee provisions do not apply in Federal Court.  The Court has previously rejected this
     argument, which Project Veritas acknowledges in its Response.  See Resp. (docket no. 66 at 5 n.1).

23

1    been billed to a private client.'"  Washington v. GEO Grp., Inc., No. 17-cv-05806, 2021

2    WL 5907799, at *4 (W.D. Wash. Dec. 14, 2021) (quoting Moreno v. City of Sacramento,

3    534 F.3d 1106, 1111 (9th Cir. 2008)).  Here, the number of hours worked could

4    reasonably have been billed to a private client.  Stanford seeks fees based on only the

5    time billed by the three primary attorneys handling this case and it limits "its request to

6    their fees for activities directly connected to the researching and drafting of the Special

7    Motion and the related filings in support thereof."  Mot. (docket no. 60 at 15).

8    Furthermore, the number of hours in Stanford's request is within the range of other

9    awards granted by district courts in the Ninth Circuit.  See Open Source Sec., Inc. v.

10   Perens, No. 17-cv-04002, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018) (awarding

11   fees for 446.20 hours worked on an anti-SLAPP motion); see also Graham-Sult v.

12   Clainos, No. CV 10-4877, 2012 WL 994754, at *4 (N.D. Cal. Mar. 23, 2012) ("[T]he

13   Court finds that the 235 hours [] attorneys spent on the anti-SLAPP motion is not

14   unreasonably high.").

15        Project Veritas objects to approximately $20,000 of Stanford's claimed fees as

16   unnecessary because they relate to research and briefing prompted by "Stanford's

17   decision to improperly lard its Special Motion [] with factual materials outside of the

18   Complaint."  Resp. (docket no. 66 at 5).  Project Veritas, however, is incorrect that the

19   portion of the claimed fees related to materials outside the complaint and judicial notice

20   cannot be awarded.  The Court has previously stated that it "believes it could take judicial

21   notice of the exhibits at issue, not for their truth, but as indicative of what was in the

22

23

ORDER - 4

1    public realm."[2]  Order at 13.  Although the Court did not ultimately rule on the issue, it

2    would be error for the Court to treat alternative arguments that the Court did not reach as

3    a basis for reducing an attorney fees award.  Ibrahim v. U.S. Dep't of Homeland Sec.,

4    912 F.3d 1147, 1153 (9th Cir. 2019) ("The district court further erred by treating

5    alternative claims or theories for the same relief [plaintiff] achieved—which the court,

6    therefore, did not reach—as unsuccessful, and reducing fees for work pursuing those

7    claims."); see also Witt v. U.S. Dep't of the Air Force, No. 06-cv-05195, 2012 WL

8    1747974, at *6 (W.D. Wash. May 16, 2012) (declining to reduce a fee award because

9    plaintiff did not prevail on other theories seeking that same relief).

10   **II.    Request for "Fees-on-Fees"**

11        Finally, Stanford seeks to recover "fees-on-fees," which are fees incurred while

12   pursuing merits fees.  See Thompson v. Gomez, 45 F.3d 1365, 1366 (9th Cir. 1995)

13   (granting an award for fees-on-fees).  Project Veritas does not object to Stanford

14   recovering these fees.  The Court concludes these fees are also reasonable and GRANTS

15   Stanford's request for fees-on-fees.  See Open Source Sec., Inc., 2018 WL 2762637, at *7

16   (approving 109 hours of work for a motion for attorney fees in connection with an anti-

17   SLAPP motion).

18   //

19   //

20

21   [2] The Court, however, did not address whether it would be proper to take judicial notice of the disputed
     exhibits because the Court did not consider any of the disputed materials when making its prior ruling.
22   Order at 13.

23

ORDER - 5

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Stanford's Motion for Attorney Fees, docket no. 60, is GRANTED. Stanford is AWARDED attorney fees in the amount of $149,596.90.

(2)     The Clerk is directed to enter judgment consistent with this Order and the Court's prior Order, docket no. 57, and send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 4th day of August, 2022.

Thomas S. Zilly
United States District Judge

ORDER - 6